UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DAGOBERTO CASIANO,** § | |
| § | |
| **Plaintiff,** § | |
| v. § | **Civil Action No.** |
| § | |
| **U.S. CUSTOMS AND BORDER** § | |
| **PROTECTION, AND ANTHONY** § | |
| **ROVERT BARBOUR** § | |
| § | |
| **Defendants.** § | |

## PLAINTIFF'S COMPLAINT

COMES NOW DAGOBERTO CASIANO, ("PLAINTIFF" or "CASIANO"), complaining of DEFENDANT, U.S. CUSTOMS AND BORDER PROTECTION (hereinafter, "Defendant CBP") and ANTHONY ROVERT BARBOUR (hereinafter, "Defendant Barbour") (Defendant CBP and Defendant Barbour shall be referred to hereinafter collectively as "Defendants"), and for cause of action respectfully show the Court as follows:

## NATURE OF THE ACTION

1. This is a Texas personal injury and property damage case arising out of an automobile crash that occurred on July 10, 2020 (the "Crash"). The Crash was caused by Defendant Barbour while in the scope of his employment with Defendant CBP and resulted in significant injuries and damages to Plaintiff.

## PARTIES

2. Plaintiff, Dagoberto Casiano, is an individual, resident of Texas.

3. Defendant CBP, is a United States Federal Agency, headquartered in Washington, D.C.

4. Defendant Barbour, is a individual, resident of Texas.

1

**MISNOMER, ALTER-EGO**

5.      In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

**CONDITIONS PRECEDENT**

6.      Plaintiff asserts that all conditions precedent to the bringing of this cause of action have been performed or have occurred prior to the filing of the case at bar.

**JURISDICTION AND VENUE**

7.      This Court has jurisdiction pursuant to the Federal Tort Claims Act because it involves a lawsuit against U.S. Customs and Border Patrol for actions of one of its employees. Venue is proper in the judicial district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

**FACTUAL ALLEGATIONS**

8.      On or about July 10, 2020, at approximately 3:02 p.m., Defendant Barbour, while in the course and scope of his employment with Defendant CBP, was driving eastbound on loop 375 in the number two lane. Defendant Barbour was travelling behind Plaintiff and another vehicle. Regrettably, Defendant Barbour failed to control his speed and rear-ended Plaintiff's vehicle and the other vehicle travelling in front of Plaintiff (the "Crash") causing significant injuries and damages to Plaintiff. Defendant Barbour was given a traffic citation for failure to control his speed.

9.      As a result of the Crash, Plaintiff suffered severe back and neck injuries. Plaintiff's neck and back injuries have incapacitated him to the point that he is no longer able to work as a

truck driver. To date, Plaintiff has been unable to return to work and may be permanently unable to return to work. Because Plaintiff was making approximately $80,000.00 per year at his employment prior to the Crash, and he had approximately four (4) more working years before his retirement, Plaintiff has a claim for lost wages of approximately $320,000.00 if he is permanently unable to return to work. In addition, as a result of the Crash, Plaintiff now suffers from constant pain to his back and neck that limits his ability to perform his major life activities. This causes significant pain and suffering along with mental anguish for Plaintiff.

## COUNTS

### I.     COUNT I - NEGLIGENCE AGAINST DEFENDANT CBP

10. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

11. Defendant Barbour was in the scope of his employment with Defendant CBP when the Crash occurred. As a result, Defendant CBP is vicariously liable for the actions of Defendant Barbour. Defendant CBP and Defendant Barbour owed Plaintiff a duty of reasonable care in the operation of Defendant Barbour's vehicle. Defendants breached their duty of care when Defendant Barbour failed to control his speed causing his vehicle to collide with Plaintiff's vehicle. Defendants negligent actions, which were proximately caused by the negligent acts and/or omissions of Defendant Barbour, resulted in significant injuries and damages to Plaintiff.

12. In addition, Defendants violated their duty to exercise ordinary care in the operation of Defendant Barbour's vehicle in at least the following particulars:

   a. Failing to keep a proper lookout, such as a person of ordinary care would have kept in the same or similar circumstances;

   b. Failing to maintain proper control of the vehicle such as a person of ordinary care would have done in the same or similar circumstances and under the same or similar road and weather conditions;

    c. Failing to timely and properly apply the brakes of the vehicle in order to avoid the collision, as a person of ordinary care would have done under the same or similar circumstances;

    d. Failing to drive his motor vehicle at a rate of speed that was safe and prudent under the circumstances then exiting, as a person of ordinary care would have done under the same or similar circumstances;

    e. Failing to turn his vehicle in a manner so as to avoid the collision, such as a person of ordinary care would have done under the same or similar circumstances; and

    f. Failing to operate his vehicle in a safe and prudent manner, such as a person of ordinary care would have done under the same or similar circumstances.

13. Each of the foregoing negligent acts and omissions, whether taken singularly or in combination, were the proximate causes of the Crash made the basis of this cause of action, and of the injuries and damages suffered by Plaintiff. Because of Defendants' actions, Plaintiff has suffered damages within the jurisdictional limits of this Court.

## II. COUNT II - NEGLIGENCE AGAINST DEFENDANT BARBOUR

14. Plaintiff re-alleges and incorporates by reference the preceding paragraphs for all purposes the same as if set forth herein verbatim.

15. In the alternative, to the extent it is determined that Defendant Barbour was acting outside the scope of his employment, which Plaintiff denies, Plaintiff alleges a negligence claim against Defendant Barbour.

16. Defendant Barbour owed Plaintiff a duty of reasonable care in the operation of Defendant Barbour's vehicle. Defendant Barbour breached his duty of care when Defendant Barbour failed to control his speed causing his vehicle to collide with Plaintiff's vehicle. Defendant Barbour's negligent actions proximately caused the Crash that resulted in significant injuries and damages to Plaintiff.

17. In addition, Defendant Barbour violated his duty to exercise ordinary care in the operation of Defendant Barbour's vehicle in at least the following particulars:

   a. Failing to keep a proper lookout, such as a person of ordinary care would have kept in the same or similar circumstances;

   b. Failing to maintain proper control of the vehicle such as a person of ordinary care would have done in the same or similar circumstances and under the same or similar road and weather conditions;

   c. Failing to timely and properly apply the brakes of the vehicle in order to avoid the collision, as a person of ordinary care would have done under the same or similar circumstances;

   d. Failing to drive his motor vehicle at a rate of speed that was safe and prudent under the circumstances then exiting, as a person of ordinary care would have done under the same or similar circumstances;

   e. Failing to turn his vehicle in a manner to avoid the collision, such as a person of ordinary care would have done under the same or similar circumstances; and

   f. Failing to operate his vehicle in a safe and prudent manner, such as a person of ordinary care would have done under the same or similar circumstances.

18. Each of the foregoing negligent acts and omissions, whether taken singularly or in combination, were the proximate causes of the Crash made the basis of this cause of action, and of the injuries and damages suffered by Plaintiff. Because of Defendant Barbour's actions, Plaintiff has suffered damages within the jurisdictional limits of this Court.

## **COSTS AND INTEREST**

19. Plaintiff is also entitled to pre-judgment and post-judgment interest and costs of Court as allowed by law.

## **JURY DEMAND**

20. Plaintiff respectfully requests a trial by jury and will tender the appropriate fee as required by law.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and that, upon a trial on the merits, Plaintiff recover:

a. Damages, actual, special and otherwise, in an amount within the Court's jurisdictional limits;

b. Lost wages, loss of earning capacity, front and back pay;

c. Attorneys' fees and costs of court;

d. Both pre-judgment and post-judgment interest at the maximum legal rate; and

e. For such other further relief, both general and special, at law and in equity, to which Plaintiff may show himself to be justly entitled.

Respectfully Submitted,

By: /s/ Ricardo E. Vielledent_____
    **Ricardo E. Vielledent**
    State Bar No. 24075223
    **VIELLEDENT & ASSOCIATES, PLLC**
    6006 N. Mesa, Suite 700
    El Paso, Texas 79912
    (915) 731-1853
    vielledentlaw@gmail.com